IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMELLE LEE RUSSELL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 78359

FILED

JAN 15 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of murder with the use of a deadly weapon.[1] Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.

Appellant first argues that the district court erred in not suppressing evidence obtained by a search incident to an invalid arrest warrant, violating his constitutional rights. He contends a police detective told the issuing court a warrant was necessary because appellant had violated the terms of his probation in another case. But appellant denies being in noncompliance at the time the warrant issued and argues the detective's reason was pretext, making the warrant invalid and all evidence obtained as a result of the arrest inadmissible. "Suppression issues present mixed questions of law and fact," and this court reviews the district court's factual findings for clear error and its legal conclusions de novo. *State v. Beckman*, 129 Nev. 481, 485-86, 305 P.3d 912, 916 (2013) (quoting *Johnson v. State*, 118 Nev. 787, 794, 59 P.3d 450, 455 (2002), *overruled on other grounds by Nunnery v. State*, 127 Nev. 749, 772, 263 P.3d 235, 250-51

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

21-01444

(2011)). We see no error in the district court's conclusion regarding the warrant's validity, as evidence that appellant's noncompliance appeared on the case's docket the day after the warrant issued does not establish that the warrant had no valid basis, and the witness that testified in support of the motion did not have personal knowledge about the warrant's issuance or appellant's compliance.[2] And, regardless of any issues with the arrest warrant, the record supports the district court's conclusion that the detective asked for and received the owner's consent to search the bags containing the evidence at issue.[3] Such consent "exempts a search from the probable cause and warrant requirements of the Fourth Amendment," *Howe v. State*, 112 Nev. 458, 463, 916 P.2d 153, 157 (1996), and appellant does not argue that the consent was involuntary, *see McMorran v. State*, 118 Nev. 379, 383, 46 P.3d 81, 83 (2002) (providing that "[a] search pursuant to consent is constitutionally permissible" only when the party consents voluntarily). We therefore find no error in the district court's denial of appellant's motion to suppress.

Appellant next argues that the district court erred in allowing the property manager of the apartment complex where the crime occurred to narrate portions of the complex's surveillance video. We see no abuse of discretion as the property manager did not identify appellant as the person in the video and her narration "assisted the jury in making sense of the

---

[2]The detective testified that he called the court to find out whether appellant was in compliance with the terms of his probation, but stated he did not ask the court to issue a warrant when told appellant was not in compliance.

[3]The record shows appellant disclaimed any ownership of the bags before the search occurred.

images depicted in the video[ ]." *Burnside v. State*, 131 Nev. 371, 388-89, 352 P.3d 627, 639-40 (2015) (reviewing a challenge to the narration of a video for an abuse of discretion and taking no issue with the narrating officer's lack of personal knowledge that the defendant was the person depicted when previously admitted evidence already established the defendant's identity); *accord United States v. Young*, 745 F.2d 733, 761 (2d Cir. 1984) (concluding that a judge's broad discretion to allow narrative testimony extends to that accompanying video evidence). Indeed, the property manager's testimony helped the jury understand the different cameras and views and to evaluate the images displayed. *See Burnside*, 131 Nev. at 388, 352 P.3d at 640 (noting that narration can assist juries in understanding the evidence "[g]iven the complexities of . . . surveillance cameras").

Appellant next challenges the district court's refusal to give two defense jury instructions. As to the rejected due process instruction and appellant's challenge to the "more weighty affairs of life" language in the instruction given, the district court gave the instruction required by NRS 175.211(1) and "[n]o other definition of reasonable doubt may be given," NRS 175.211(2). *See Belcher v. State*, 136 Nev., Adv. Op. 31, 464 P.3d 1013, 1029 (2020) (rejecting a challenge to the constitutionality of NRS 175.211(1)'s reasonable doubt instruction). And we have considered instructions similar to appellant's proposed circumstantial evidence instruction and found no error in declining to give the instruction where, as here, the district court properly instructed the jury regarding reasonable doubt. *See Bails v. State*, 92 Nev. 95, 96-97, 545 P.2d 1155, 1155-56 (1976) (collecting cases). Moreover, appellant was not entitled to an instruction that included the following incorrect statement of law: "Before you may rely

on circumstantial evidence to conclude that a fact necessary to find the defendant guilty has been proved, you must be convinced that the State has proved each fact essential to that conclusion beyond a reasonable doubt." *See Carter v. State*, 121 Nev. 759, 765, 121 P.3d 592, 596 (2005) (stating that a defendant is not entitled to "misleading [or] inaccurate" jury instructions); *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005) (reviewing the district court's rejection of a jury instruction for abuse of discretion or judicial error).

Appellant's final argument is that the State committed prosecutorial misconduct during its closing argument by blurring the distinction between premeditation and deliberation. In considering claims of prosecutorial misconduct, this court uses a two-step analysis: (1) determining whether the prosecutor's conduct was improper, and (2) determining whether the improper conduct warrants reversal. *Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008). We are not convinced that the prosecutor's statements misstated the law or otherwise amounted to misconduct. Regardless, even if the statements amounted to misconduct, any error is harmless in light of the district court properly instructing the jury and the overwhelming evidence of guilt. *See id.* at 1189-90, 196 P.3d at 476-77 (applying harmless error review when the argument was preserved); *Summers v. State*, 122 Nev. 1326, 1333, 148 P.3d 778, 783 (2006) (providing that this court presumes jurors follow the district court's instructions); *King v. State*, 116 Nev. 349, 356, 998 P.2d 1172, 1176 (2000) (providing that prosecutorial misconduct may be harmless where there is overwhelming evidence of guilt). Appellant's girlfriend credibly testified that appellant told her how he murdered and robbed the victim shortly after it happened, which included details that were not yet public, and that she

SUPREME COURT
OF
NEVADA

(O) 1947A

helped him move the victim's belongings; multiple witnesses identified appellant on surveillance video removing items from the victim's apartment at the time the crime occurred; and appellant and his girlfriend were found in possession of the victim's belongings.[4]

Based on the foregoing, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Scott N. Freeman, District Judge
Law Office of Thomas L. Qualls, Ltd.
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

---

[4]As we find no errors, appellant's cumulative-error argument fails.